IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Darryl Harper, | ) |
|       *Plaintiff,* | ) ) ) |
|     -*vs*- | ) No. 14-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) *(jury demand)* ) ) |
|       *Defendants.* | ) ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Darryl Harper is a disabled resident of the Northern District of Illinois who is wheelchair bound. Plaintiff is currently confined at the Cook County Jail and assigned CIMIS number 2013-0312001.

3. Defendant Thomas Dart is the Sheriff of Cook County; plaintiff sues Dart in his individual and official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Plaintiff Harper has been a pre-trial detainee at the Cook County Jail from March 12, 2013 to the present.

6. Before plaintiff entered the Jail in March of 2013, defendant Dart had been instructed by the three judge court in *United States v. Cook County*, 761 F.Supp.2d 794 (N.D.Ill. 2011) that he would be committing an actionable constitutional violation if he allowed the incarceration of persons with special needs at the Cook County Jail when the Jail did not have adequate capacity to accommodate the special needs of those persons.

7. The Jail did not have sufficient capacity to accommodate plaintiff's special needs when he entered the Jail in March of 2013.

8. As a direct and proximate result of defendant Dart's deliberate indifference to the overcrowding at the Jail, plaintiff was assigned to a housing unit that did not allow him access to bathing, toileting, or visitation facilities required by the ADA and the Rehabilitation Act.

9. Plaintiff fell and suffered personal injuries as a direct and proximate result of being assigned to a housing unit that was not handicap accessible.

10. While in the custody of defendant Dart, plaintiff was transported from the Jail to Stroger Hospital for medical treatment.

11. While at Stroger Hospital, as required by an explicit policy of defendant Dart, plaintiff was shackled to a hospital bed.

12. Dart's shackling policy, as applied to wheelchair bound persons like plaintiff is unconstitutional on its face, caused plaintiff physical injuries, and caused him to be deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

13. The grievance system at the Cook County Jail is not capable of providing any form of relief for plaintiff's claim of ADA violations; plaintiff has grieved regarding the above described wrongdoing, however, defendant Dart has failed to take any corrective action.

14. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, § 202 of the Americans with Disabilities of 1990 and § 504 of the Rehabilitation Act of 1973.

15. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor in an amount in excess of one hundred thousand dollars as compensatory damages and, against defendant Dart in his individual capacity, in an amount in excess of one hundred thousand dollars as punitive damages. Plaintiff also seeks prospective relief in the form of proper accommodations required under federal law.

/s/ <u>Patrick W. Morrissey</u>
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900