IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Darryl Harper, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 14-cv-1237 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(Judge Chang)* |
| and Cook County, Illinois, | ) | |
| | ) | *(Jury demand)* |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff Darryl Harper, by counsel, and pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Darryl Harper is a disabled resident of the Northern District of Illinois who is wheelchair bound. Plaintiff is currently confined at the Cook County Jail and assigned CIMIS number 2013-0312001.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity on each claim, Plaintiff does not seek to impose individual liability on Dart on his ADA or Rehabilitation Act claims. Plaintiff sues Dart in his individual capacity on his claims arising under 42 U.S.C. §1983.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003) and may be liable for the wrongdoing alleged in this complaint.

5. Plaintiff Harper has been a pre-trial detainee at the Cook County Jail from March 12, 2013 to the present.

6. In the course of processing plaintiff into the Jail, medical personnel employed by defendant Cook County determined that plaintiff had an objectively serious medical need, was disabled, and required assignment to an "ADA compliant" housing unit. It is the practice of defendant Cook County to defer to the Sheriff regarding a detainee's assigned living unit.

7. In 2011, defendants learned through a class action known as *Phipps v. Sheriff of Cook County*, 07 C 3889.

    a. That Cermak Health Services has two "ADA compliant" housing units for wheelchair bound male detainees and that each of these housing units could provide ADA compliant facilities for four wheelchair bound persons, and

    b. That the correctional officer in charge of determining housing assignments for wheelchair bound detainees did not consider accommodation for the detainee's disability.

-2-

8. In the spring of 2013, when plaintiff entered the Cook County Jail, it was obvious to defendants that a disabled person, like plaintiff, who entered the Jail and was not assigned to an "ADA compliant" housing unit would be deprived of rights secured by the ADA and the Rehabilitation Act and would also be deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States.

9. Plaintiff was not assigned to an "ADA compliant" housing unit when he entered the Jail. Instead, plaintiff was assigned to a housing unit that did not allow him access to bathing, toileting, proper accessories for plaintiff's disability, or visitation facilities required by the ADA or the Rehabilitation Act.

10. Following the assignment to the non-ADA compliant housing unit, plaintiff complained to correctional staff and filed grievances about his need to be assigned to an "ADA compliant" housing unit.

11. Notwithstanding his complaints and grievances, plaintiff remained at the Jail in a non-ADA compliant housing unit.

12. Plaintiff incurred personal injuries because he was held in a non-ADA compliant housing unit.

13. Defendant Dart is intimately involved in the running of the Jail.

    a. Shortly after taking office, Dart established his main office at the Cook County Jail, publicly declaring, "The jail is 90 percent of the job." Dart explained "The day in and day out

things that impact our office that require decisions, and quick ones, are from there."

b. Upon becoming Sheriff, Dart promptly instituted a variety of changes at the Jail, including installing new technologies, including introducing the body scanning machines to prevent contraband from entering the jail, while also raising standards for employment.

c. Dart applies a "hands on" style of management, and holds weekly "accountability meetings," during which all high ranking Jail staffers provide him with detailed reports on activities in their respective divisions of the Jail.

d. Upon becoming Sheriff, Dart formed a "Weapons Free Committee, to collect, inventory, and analyze all inmate made shanks and weapons.

e. Dart also established a committee of former U.S. Attorneys and other legal and law enforcement experts to evaluate the Sheriff's internal affairs operations.

f. In addition to this involvement in the everyday running of the Jail, Dart selected and hired a consultant to train correctional officers how to better recognize and supervise inmates with mental health issues.

   g. Dart also changed Jail policy to permit contact visits between female detainees and their children.

   h. Dart became personally involved in the operation of the 13,000 square foot garden located on the grounds of the Cook County Jail that is used to train detainees in urban farming.

   i. Dart has personal knowledge of the *Phipps* litigation and the specific living units at the Jail appropriate for wheelchair bound detainees.

  14. Plaintiff seeks to impose liability on Dart in his individual capacity on plaintiff's claims under 42 U.S.C. §1983 because Dart was personally involved in the formulation and implementation of the policies at the Jail, and failed to correct a deliberately indifferent policy of assigning disabled detainees to non-ADA compliant housing units. Several courts in this district recognize Dart may be individually liable for the above described wrongdoing, including *Despenza v. Dart,* 13 C 2357 (Nordberg, J.) and *Crockwell v. Dart*, 13 C 4880 (Dow, J.)

  15. As set out above, Dart's deliberate indifference to plaintiff's constitutional rights caused plaintiff to incur personal injuries.

  16. It is well known that the grievance system at the Jail is fundamentally flawed causing plaintiff and similar persons to be without any procedure to grieve about serious or potentially serious medical conditions. For example, blank grievances are not routinely available on the living unit for detainees to obtain.

For a grievance to be submitted, it is the policy of the Sheriff to require that a social worker personally retrieve the grievance. Social workers, however, are not regularly available on the living unit causing detainees, like plaintiff, to be without any administrative remedy. It is common practice that a detainee files a grievance and never receives a response or an opportunity to submit an appeal.

17. Moreover, it is the policy of the Sheriff that an employee of Inmate Services makes the decision to permit a grievance to proceed as a "grievance" or "non grievance (Request)." This employee of Inmate Services is the gatekeeper for all medical related grievances, however he (or she) has no medical training. The consequences of this policy cause persons like plaintiff, who grieve about serious issues, to be ignored.

18. Also, it is the policy of the Sheriff and Cook County to knowingly ignore grievances seeking medical attention. For health related grievances, it is the procedure that the Cermak grievance coordinator refers that grievance to a particular department within Cermak. If the department does not response to the grievance within seven days, the grievance coordinator formally closes the grievances and causes the grievance to be returned to a detainee without any meaningful response. This procedure misleads detainees to believe that his (or her) medical grievance is being addressed.

19. Defendant Sheriff and Cook County's above described grievance practices caused plaintiff to needlessly suffer and live in imminent danger of

-6-

receiving serious personal injuries in violation of his rights secured under the Fourteenth Amendment to the United States Constitution.

20. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff requests that judgment be entered in his favor in an amount in excess of one hundred thousand dollars as compensatory damages and, against defendant Dart in his individual capacity, in an amount in excess of one hundred thousand dollars as punitive damages. Plaintiff also seeks prospective relief in the form of proper accommodations required under federal law and that the costs of this action, including an award of attorney's fees be taxed against defendant Cook County.

/s/ Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following: Helen Gibbons, Assistant State's Attorney, 500 Richard J. Daley Center, Chicago, Illinois 60602 and Thomas Cargie, 69 W. Washington, Ste. 2030, Chicago, IL 60602. I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Patrick W. Morrissey

      Patrick W. Morrissey
      Thomas G. Morrissey
      Thomas G. Morrissey, Ltd.
      10249 S. Western Ave.
      Chicago, Il. 60643
      (773) 233-7900
      patrickmorrissey1920@gmail.com